UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ROY STILTNER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 13-203-ART |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ALAN BROWN, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Roy Stiltner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. R. 1; R. 17 (amended § 2254 petition). In his petition, Stiltner asks the Court to equitably toll AEDPA's one-year statute of limitations to file a § 2254 petition due to Stiltner's mental impairment.[1] *See id.* Magistrate Judge Hanly A. Ingram filed a thoughtful and thorough Report and Recommendation ("R&R"), finding that equitable tolling is unavailable because Stiltner did not diligently pursue his rights. R. 91. Judge Ingram recommended that the Court deny Stiltner's petition but issue him a certificate of appealability. *Id.* at 26. Both parties filed an objection to the R&R. R. 93; R. 94. However, Judge Ingram's R&R was well-reasoned, and it thoroughly addresses the facts and the applicable law. The Court finds no reason to re-invent the wheel. As such, the Court will adopt Judge Ingram's R&R in full. For the reasons stated therein, Stiltner's amended petition will be denied, but a Certificate of Appealability ("COA") will issue. *See* R. 91.

---

[1] Stiltner is at least mildly intellectually disabled. *See* R. 91 at 17–18. He has an IQ "well within the mental defective range." R. 10-3 at 1. He was diagnosed with a "moderate to severe . . . neuropsychological impairment . . . typically associated with Mental Retardation." R. 1-6. The record does not contain any contradictory medical evidence.

Stiltner objects that Judge Ingram incorrectly applied the fourth prong of the test from *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010). *See* R. 94. He is incorrect. *Bills* created a four-prong test to determine whether equitable tolling applies for a mentally impaired petitioner. *Bills*, 628 F.3d at 1100–01. Under the fourth prong of the *Bills* test, after a court determines that the petitioner's mental impairment made it impossible for him to file a petition on his own, the court must then consider "whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." *Id.* at 1101. Judge Ingram determined that Stiltner could not have filed a petition on his own due to his mental impairment, but Stiltner was not "otherwise diligent" in attempting to file. Judge Ingram noted that Stiltner had three individuals helping him during the statute of limitations period—a jailhouse lawyer and two attorneys. R. 91 at 19. Because Stiltner had three "legally knowledgeable individuals" helping him on his case and still did not file, Judge Ingram found that Stiltner was not diligent under the *Bills* test. Therefore, equitable tolling was not available to him. *Id.*

Stiltner responds that the subject of the diligence inquiry should be Stiltner and his lack of capabilities, not his representation by a jailhouse lawyer or state-appointed counsel. R. 94 at 2. He is incorrect. To show diligence, a petitioner must seek assistance and exploit any assistance that is reasonably available. *Bills*, 628 F.3d at 1101. The *Bills* court went on to say that "[t]he availability of assistance is an important element in the court's diligence analysis. . . . [T]he existence of [help from a jailhouse lawyer] would be highly relevant to the question of whether a petitioner's mental condition made it impossible to file a timely petition." *Id.* Thus, the *Bills* court did not intend the fourth prong to focus on the petitioner and his lack of capabilities—the first three prongs focus on this. *See id.* at 1100. Instead, the fourth prong

2

focuses on whether the petitioner diligently sought assistance and exploited that assistance. So only where a petitioner diligently tried and failed (or was incapable of trying in the first place) to get legal assistance would the fourth prong be satisfied, and the statute of limitations equitably tolled. *See id.* at 1101. Here, Stiltner asked for assistance and *did* have assistance. And Judge Ingram discussed several cases that support his finding that Stiltner did not meet the fourth *Bills* prong because he had legal assistance. *See* R. 91 at 20–25. So Judge Ingram correctly focused on Stiltner's legal assistance in analyzing the fourth prong of the *Bills* test.

Stiltner also seems to argue that the fourth prong should not apply to him because he is "incapable of knowing the statute of limitations, knowing or even being able to learn about legal processes, of assisting others, of cooperating with others, [or] with understanding, directing, or monitoring those who tried to help." R. 94 at 5. As such, Stiltner argues, he cannot diligently seek assistance or supervise that assistance, so he should not be punished for the failures of those who assisted him.

The problem with this argument is addressed in *Bays v. Warden, Ohio State Penitentiary*, 2014 WL 29564, at *6–7 (S.D. Ohio Jan. 3, 2014). In *Bays*, as here, the petitioner had been represented by attorneys throughout his period of incarceration, "all of whom knew his possible mental retardation was at issue." *Id.* at *6. The court found that this representation barred the application of equitable tolling of the statute of limitations because, despite the petitioner's mental incompetence, he was represented by a competent attorney. *Id.* at *7. The petitioner's mental incompetence therefore could not excuse his failure to comply with the filing deadline. *Id.* The court also noted that any other holding would defeat the statute of limitations in AEDPA for the mentally handicapped because "if mental retardation would excuse missing the statute of limitations, then the statute would never run for the mentally

3

retarded because, by hypothesis, it has an onset before age 18 and is a permanent condition." *Id.* Congress did not create a categorical exception to the statute of limitations for mentally incompetent defendants, so the statute of limitations must apply in at least certain situations for the mentally incompetent. One of those situations is when the petitioner has legal assistance. *Plummer v. Warren*, 463 F. App'x 501 (6th Cir. 2012), supports this conclusion. In *Plummer*, the court stated that "[b]ecause [the petitioner] was not doing her own legal work, her [] disabilities could not have impacted the timeliness of [her] filing." 463 F. App'x at 506 (holding that petitioner's severe physical disabilities did not warrant equitable tolling because she used jailhouse lawyers to draft numerous filings). Here, Stiltner was also not doing his own legal work, so his mental incompetence could not have impacted his failure to meet the filing deadline. Thus, Judge Ingram correctly applied the fourth prong of the *Bills* test by concluding that legal assistance during and after the statute of limitations period barred the application of equitable tolling.

Second, Judge Ingram was correct in recommending that a COA should issue. Although the Court agrees with Judge Ingram's conclusion that equitable tolling should not apply and his analysis of the case law in support of this conclusion, not every court does. *See, e.g.*, *Jones v. Palmer*, 2015 WL 56052 (D. Nev. Jan. 5, 2015); *Jones v. Cate*, 590 F. App'x 701, 702 (9th Cir. 2015); *Peterson v. Klee*, 2014 WL 2894300 (E.D. Mich. June 25, 2014). These opinions demonstrate that reasonable jurists could differ on whether the petition states a valid claim and on the procedural ruling herein.

4

Accordingly, it is **ORDERED** that Judge Ingram's R&R, R. 91, is **ADOPTED** as the opinion of the Court. Warner's amended petition for writ of habeas corpus, R. 17, is **DENIED**. The Court will issue a separate judgment.

This the 30th day of November, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge