UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

ROY STILTNER,           )
                        )
    Petitioner,         )
                        )    No. 5:13-CV-203-KKC-HAI
v.                      )
                        )    RECOMMENDED DISPOSITION
DEEDRA HART, Warden,    )
                        )
    Respondent.         )
                        )

*** *** *** ***

On December 28, 2017, the Warden filed a motion to amend her answer to Petitioner Roy Stiltner's habeas petition, which was filed in April 2013. D.E. 160. Stiltner argues in his state habeas petition that his trial attorney was ineffective for allowing Stiltner to plead guilty to murder in 1986 because Stiltner was incompetent to stand trial at the time. *See* D.E. 17, 112.

The Warden wishes to assert, for the first time, a defense of laches. D.E. 160. Counsel for the Warden first raised the issue of laches during a December 12, 2017 evidentiary hearing. D.E. 164 at 5. Stiltner, through counsel, responded to the motion (D.E. 161), and the Warden replied (D.E. 163).

The Warden argues that Stiltner's petition should be dismissed because "(1) Stiltner's conviction dates back to 1986; (2) the State cannot locate any transcripts of the proceedings; [and] (3) the State cannot present any witnesses to establish that Stiltner intelligently and voluntarily pleaded guilty." D.E. 160 at 1-2. The Warden further explains that the judge who accepted Stiltner's plea is deceased and his trial counsel has "contracted an illness, which has rendered him incompetent to testify in these proceedings." *Id*. at 2.

The Warden cites two cases. The first is *Davis v. Adult Parole Authority*, 610 F.2d 410 (6th Cir. 1979). D.E. 160 at 3. According to *Davis*, a finding of laches requires two elements:

> First, the state must appear to have been prejudiced in its ability to respond to petitioner's claims. Second, the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier.

*Id.* (citing *Davis*, 610 F.2d at 414). Stated differently, "Laches is sustainable only on proof of both of two elements: '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Davis*, 610 F.2d at 415 (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)). The Warden argues that, under *Davis*, "this Court may presume prejudice in this case" on account of the length of time that passed between Stiltner's 1986 conviction and the filing of his habeas petition in 2013. D.E. 160 at 5 (relying on *Davis*, 610 F.2d at 414 n.12). The second case on which the Warden relies is the table decision of *Stanford v. Parke*, 947 F.2d 946, 991 WL 224060 (6th Cir. 1991), in which the Court of Appeals applied *Davis* "under similar facts." *Id.* at 3-5.

In response, Stiltner argues, among other things, that the Sixth Circuit has already found that he was diligent in pursuing his rights in this case. D.E. 161 at 3.

The government's motion should be denied because it relies on outdated law and because the Court of Appeals has already determined that Stiltner, by virtue of his intellectual deficiencies, should not be adversely affected by any apparent lack of diligence. Furthermore, dismissal under the laches doctrine "is not mandatory and is appropriate only in the sound discretion of the court." *Towns v. Smith*, 395 F.3d 251, 256-57 (6th Cir. 2005) (citing *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984)); *accord Davis*, 610 F.2d at 414-15. Even if the doctrine of laches still applied to habeas petitions, and even if the Warden demonstrated

prejudice and lack of diligence, the undersigned would not be inclined to dismiss the case on this basis.

The "historic rule" for habeas corpus petitions is that "the doctrine of laches did not apply." Wright & Miller, 17B Fed. Prac. & Proc. Juris. § 4268.2 (3d ed.). However, the enactment of Rule 9(a) of the Rules Governing Section 2254 Proceedings in 1977 "introduce[d] for the first time an element of laches in habeas corpus." *Id*. As the *Davis* court recognized, prior to Rule 9(a), Supreme Court cases stated "implicitly and, sometimes, explicitly, that the doctrine of laches has no place in the habeas context." *Davis*, 610 F.2d at 415 (collecting cases); *accord Day v. McDonough*, 547 U.S. 198, 214-16 (2006) (Stevens, J., dissenting). Rule 9(a) "codifie[d] the equitable doctrine of laches as applied to habeas cases[.]" *Stanford*, 1991 WL 224060, at *3; *accord Wise v. Armontrout*, 952 F.2d 221, 223 (8th Cir. 1991). "Rule 9(a) . . . introduced the concept [of laches] into the habeas corpus context." *Lee v. Sec'y, Dep't of Corr.*, No. 1:12-CV-00169-MP-GRJ, 2014 WL 204834, at *2 (N.D. Fla. Jan. 16, 2014).

Additionally, "[a]s originally drafted, Rule 9(a) established a rebuttable presumption of prejudice if a petition was filed more than five years after the conviction." *Buchanon v. Mintzes*, 734 F.2d 274, 283 (6th Cir. 1984). However, Congress considered "even such a mild shifting of burdens" to be "unsound policy." *Id*. "[T]he presumption of prejudice arising from a delay of more than five years in filing the petition for habeas corpus relief was eliminated from Rule 9 in 1976." *Berry*, 726 F.2d at 1146; *accord Spalding v. Aiken*, 460 U.S. 1093, 1096 n.1 (1983) ("The five-year presumption was deleted by Congress."); *Watt v. United States*, 162 F. App'x 486, 498 (6th Cir. 2006), *Strahan v. Blackburn*, 750 F.2d 438, 440-41 (5th Cir. 1985). "This provision was deleted by Congress because it was too harsh." *Bowen v. Murphy*, 698 F.2d 381, 382 n.1 (10th Cir. 1983).

This short-lived "rebuttable presumption" aspect of Rule 9(a) appears to underlie the Warden's position that a "presumption [of prejudice] applies to cases involving as substantial delay as does Stiltner's." D.E. 163 at 2. But this is not good law. By 1984, the Sixth Circuit deemed it "clear beyond doubt that . . . prejudice cannot be presumed from the mere passage of time." *Buchanon*, 734 F.2d at 283 (citing *Moore v. Smith,* 694 F.2d 115, 117 (6th Cir. 1982), *cert. denied*, 460 U.S. 1044 (1983)); *see also Aiken v. Spalding*, 684 F.2d 632, 633 n.2 (9th Cir. 1982) ("[T]he district court erroneously relied upon the five-year presumption after it had been stricken."). The Warden's "presumption" argument is contrary to the case law applying Rule 9(a)'s laches doctrine.

Moreover, Rule 9(a) is no longer part of the Rules Governing Section 2254 cases. First, in 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) created a one-year statute of limitations for habeas petitions. Second, the entirety of Rule 9(a) was repealed in 2004. *Watt*, 162 F. App'x at 496. "Rule 9(a) was deleted during the 2004 revisions to the rules . . . as unnecessary in light of the applicable one-year statute of limitations[.]" *Dumas v. Kelly*, 418 F.3d 164, 166 n.2 (2d Cir. 2005). "Habeas Rule 9 was amended in 2004 to delete the provisions of Rule 9(a) as they became unnecessary with the addition of the AEDPA's statute of limitations." *Powers v. LaManna*, No. 3:05-CV-3460-HMH-JR, 2006 WL 2569538, at *6 (D.S.C. Sept. 1, 2006).

Between the enactment of AEDPA and the repeal of Rule 9(a), courts generally considered AEDPA's statute of limitations as having superseded Rule 9(a). According to the *Watt* panel, the Sixth Circuit had "implied" that "a § 2254 petition should not be dismissed for laches if it is filed within AEDPA's limitations period." *Watt*, 162 F. App'x at 496 (citing *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003)). "AEDPA superceded Rule 9(a)

4

and, thus, replaced the doctrine of laches with a bright-line limitations period." *Lee*, 2014 WL 204834, at *2. "AEDPA super[s]eded Rule 9(a) . . . and prior practice as to the doctrine of laches in habeas cases[.]" *Rice v. Neely*, No. 1:12-CV-628, 2013 WL 1703557, at *5 (M.D.N.C. Apr. 19, 2013). Aside from one outlier from another Circuit, the Sixth Circuit in 2003 had found "no cases applying a laches or laches-type defense to a petition timely filed under AEDPA." *Matthews*, 319 F.3d at 788.

Thus, the Warden's entire motion is based on obsolete law. The cases upon which the Warden relies are cases that applied Rule 9(a)—a rule that was superseded by AEDPA's statute of limitations in 1996 and explicitly repealed in 2004. Because Rule 9(a) incorporated the doctrine of laches into a body of law (habeas corpus) where it was previously inapplicable, it appears that the repeal of Rule 9(a) returns habeas corpus to the pre-1977 status quo. In other words, the doctrine of laches no longer applies to habeas corpus petitions. *Lee*, 2014 WL 204834, at *2; *Hardgraves v. Hartly*, No. 1:07-CV-01833-SMS-HC, 2008 WL 2115351, at *4 (E.D. Cal. May 19, 2008); *Powers*, 2006 WL 2569538, at *6.

Further, even if laches still applied, in this case, the Court of Appeals has already held that Stiltner's petition is not untimely by virtue of equitable tolling. Critically, as part of its equitable tolling analysis under *Holland v. Florida*, 560 U.S. 631 (2010), the Sixth Circuit found that Stiltner had been pursuing his rights diligently. *Stiltner v. Hart*, 657 F. App'x 513, 515 (6th Cir. 2016) ("Because Stiltner did diligently pursue his claims to the extent that he understood them, he is entitled to equitable tolling."). A finding of laches is only appropriate in cases in which the party lacked diligence. *Davis*, 610 F.2d at 415. Because Stiltner was diligent as defined by applicable law, *see Stiltner*, 657 F. App'x at 522-25, the Court has no need to assess the degree of prejudice to the Warden.

5

Finally, even if laches applied and even if Stiltner's diligence was not already the law of the case, the undersigned would not be inclined to recommend dismissal as an exercise of discretion. This petition has been litigated for over four years, including a remand from the Court of Appeals and a lengthy recent evidentiary hearing. In the interest of justice, this case should proceed to a final determination of the substantive issues currently before the Court. *See* D.E. 115.

The undersigned **RECOMMENDS** that the Warden's motion to amend her answer to include a defense of laches (D.E. 160) be **DENIED.** The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 24th day of January, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge